**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA FOLI, an individual; et al., | No. 13-55302 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-01765-JLS-BLM |
| v. | |
| METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA and JEFFREY KIGHTLINGER, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted February 12, 2015
Pasadena, California

Before: SENTELLE,[**] CHRISTEN, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David Bryan Sentelle, Senior Circuit Judge for the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

Debra Foli and several other individual plaintiffs (collectively "Foli") appeal the district court's order dismissing their 42 U.S.C. § 1983 due process and equal protection claims, their 42 U.S.C. § 1981 claim, and their state law claims relating to use of hydrofluosilicic acid (HFSA) by Metropolitan Water District (MWD) to fluoridate public drinking water. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      We grant MWD's motion for judicial notice with respect to exhibit 3 to the motion ("NSF Fact Sheet on Fluoridation Products"), and we deny the motion with respect to exhibits 1 and 2. We deny Foli's motion for judicial notice.

2.      In *Coshow v. City of Escondido*, the California Court of Appeal considered the same due process arguments Foli makes in this case. 34 Cal. Rptr. 19, 25–33 (Ct. App. 2005). We agree with that court's well-reasoned conclusion that fluoridating public drinking water with HFSA does not violate any fundamental right. *Id.* at 29–31; *see also, e.g.*, *DeAryan v. Butler*, 260 P.2d 98, 102–03 (Cal. Ct. App. 1953), *cert. denied*, 347 U.S. 1012 (1954); *Schuringa v. City of Chicago*, 198 N.E.2d 326, 329 (Ill. 1964), *cert. denied*, 379 U.S. 964 (1965). Fluoridating public drinking water is not forced medication because the public is not forced to use the water and fluoridation is not the type of invasive medical procedure that implicates

---

[1] The parties are familiar with the facts, so we do not recount them here.

the constitutional right to refuse medication. *Coshow*, 34 Cal. Rptr. at 31–32. We also agree with the California Court of Appeal that fluoridating public drinking water using HFSA satisfies the rational basis test. *See id.* at 32–33. MWD's fluoridation of public water using HFSA, a substance approved for that purpose, is rationally related to the state's interest in promoting public health. *See Matsuda v. City & Cnty. of Honolulu*, 512 F.3d 1148, 1155 (9th Cir. 2008).

3.      "A denial of equal protection entails, at a minimum, a classification that treats individuals unequally." *Coal. for Econ. Equity v. Wilson*, 122 F.3d 692, 707 (9th Cir. 1997). Because Foli's complaint does not allege any classification that treats individuals differently, she has not stated a colorable equal protection claim.

4.      "To establish a claim under § 1981 the plaintiff must prove that he or she was subjected to intentional discrimination based upon his or her race." *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir. 1999). Foli's complaint makes no claims of intentional racial discrimination.

5.      When a federal court dismisses all federal claims before trial, it should ordinarily dismiss any state claims as well. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, because the district court dismissed Foli's federal claims, it did not abuse its discretion by declining to exercise supplemental jurisdiction over Foli's state law claims.

3

**AFFIRMED.**